UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-298-RJC

| | |
|---|---|
| MITCHELL BRENT ROLLINS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU MILLER, Deputy Sheriff, )<br>Polk County Jail, )<br>JOHN DOE, )<br>Jail Administrator, )<br>)<br>Defendants. )<br>) | ORDER |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2). The Court has examined Plaintiff's financial affidavit in which Plaintiff states that in the past twelve months he has received $80.00 in gifts but no other income, that he has no monthly expenses, and that he was homeless before being detained. (Doc. No. 2 at 1, 5). Plaintiff's application to proceed in forma pauperis is GRANTED.

**I.     BACKGROUND**

Pro se Plaintiff , a pre-trial detainee currently incarcerated in the Polk County Jail, filed this action on September 24, 2012, pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff names as Defendants FNU Miller, whom Plaintiff identifies as a Deputy Sheriff in the Polk County Jail, and the Jail Administrator, identified as "John Doe."

Plaintiff alleges the following in the pro se Complaint:

On or about 9/5/12, Plaintiff, a pre-trial detainee, was taken to Saluda Medical

> along with 2 other pretrial detainees from Polk County Jail. (Reggie Van
> Higgins[1] and Orville Allen Doyle were the other detainees). The three of us were
> escorted by Deputy Miller. Despite requests from plaintiff and Saluda Medical
> Staff for privacy during plaintiff's exam, Deputy Miller remained in immediate
> proximity to exam listening to plaintiff and medical personnel consult. Further,
> he kept the other pretrial detainees with him and they too were permitted to listen
> to plaintiff's medical consultation. Subsequently, and as a direct result of this
> invasion of privacy, Plaintiff has been harassed and ridiculed regarding his
> psychiatric needs by Deputy Miller, other staff, and also inmates.

(Doc. No. 1 at 4). For requested relief, Plaintiff seeks: (1) "Declaratory judgment that defendants deprived Plaintiff of his constitutional and statutory rights to privacy secured by the U.S. Constitution and the HIPAA act while under color of authority"; (2) "Injunctive relief prohibiting further violations or retaliation against plaintiff for filing this action"; (3) "Compensatory damages in the amount of $50,000.00 from defendants in both their official and individual capacities"; and (4) "punitive and exemplary damages and such other and further relief as the court deems just and equitable." (Id. at 5).

With regard to exhaustion of his administrative remedies, Plaintiff alleges that he filed a grievance on September 5, 2012, based on the claims in the Complaint, but that he never received a response to his grievance, and that the Jail's administrative grievance procedures are inadequate. (Id. at 2-3).

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore,

---

[1] The Court observes that Reggie Van Higgins filed a Complaint in this Court on the same day as Plaintiff, alleging identical facts and also bringing a claim under HIPAA as well as an invasion of privacy claim. On October 1, 2012, this Court dismissed the Complaint for failure to state a claim. (Order, 1:12cv297, Docket No. 2).

§ 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

In the Complaint, Plaintiff alleges that Defendants violated his rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. §§ 1320d through 1320d-9. Plaintiff also alleges that Defendants violated his constitutional "right to privacy." See (Doc. No. at 4).

The Court first finds that Plaintiff fails to state a cognizable claim under HIPAA because there is no private right of action under HIPAA. Accord Auld v. Davidson, Civil No. 08-3110-TC, 2009 WL 1559777 (D. Or. June 2, 2009) (prisoner failed to state a claim under HIPAA against prison officials who allegedly discussed his mental health issues and possible treatment in front of other prisoners because HIPAA does not provide for a private right of action); Iannucci v. Mission Hosp., Civil No. 1:08cv471, 2008 WL 5220641, at *3 (W.D.N.C. Dec. 11,

3

2008) ("There is no private cause of action under HIPAA.").

Next, as to Plaintiff's claim that Defendants violated his constitutional "right to privacy," neither the U.S. Supreme Court nor the Fourth Circuit has ever recognized a constitutional right in the privacy of prisoners' medical records. Moore v. Mabus, 976 F.2d 268, 271 (5th Cir. 1992) (affirming dismissal of a claim of violation of the right to privacy in the publication of a prisoner's medical condition); Sherman v. Jones, 258 F. Supp. 2d 440, 444 (E.D. Va. 2003) (where inmate alleged that a prison deputy violated the inmate's constitutional right to privacy by revealing the inmate's HIV status in front of other inmates, stating that such a "privacy right has not been recognized by either the Supreme Court or the Fourth Circuit"). "[I]mprisonment carries with it the circumscription or loss of many significant rights." Hudson v. Palmer, 468 U.S. 517, 524 (1984). Loss of privacy is an "inherent incident[ ] of confinement." Bell v. Wolfish, 441 U.S. 520, 537 (1979). Here, although Plaintiff's privacy was most certainly curtailed when other inmates were allowed to listen to Plaintiff's medical consultation, Defendants' alleged conduct does not rise to the level of a constitutional violation.[2]

## IV.   CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's

---

[2] Prisoners such as Plaintiff should arguably be protected from disclosure of their sensitive medical information in front of other inmates. As the Eastern District of Virginia has observed:
> It may well be sensible public policy to provide legal protection to ensure the privacy of medical records. Indeed, most persons would so conclude, although perhaps not in all circumstances or for all kinds of medical information. Yet, even assuming that privacy protection should be accorded to an individual's medical information, the nature and scope of that protection is more sensibly determined by elected legislators via state or federal statute, rather than by judicial stretching of the constitutional text to reach a subject not explicitly treated in the text.

Sherman, 258 F. Supp. 2d at 444-45.

Complaint will therefore be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2), is **GRANTED**; and

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim upon which relief can be granted, § 1915A(b)(1).

Signed: October 16, 2012

Robert J. Conrad, Jr.
Chief United States District Judge